IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Demetrus McClary, | ) | |
| | ) | C/A No. 2:21-cv-02626-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jonathan Elliott, Sheila Falvo, | ) | |
| PFC Beck, and Sgt. Lowe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      Plaintiff Demetrus McClary ("Plaintiff"), a state detainee proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Mary Gordon Baker for initial review pursuant to 28 U.S.C. § 1915. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation for summary dismissal of the claims asserted against Defendants Falvo and Lowe.

      Plaintiff alleges that Defendant Falvo squeezed his buttocks in a sexual nature as part of a pat down and that afterward Defendant Elliott refused to turn off his body camera while Plaintiff removed his clothing for a strip search and rather threatened to use his taser against Plaintiff if he did not comply. ECF No. 1 at 5-6; ECF No. 1-2 at 1-2. Plaintiff alleges that Defendant Beck also pointed a taser gun at Plaintiff, such that Plaintiff was forced to remove his boxers and expose his genitals, and that Defendants Elliott and Beck both recorded his "naked body" for the remainder of the strip search. ECF No. 1-2 at 2; ECF No. 19 at 1-2. Plaintiff alleges that

Defendant Elliott, and possibly Defendant Beck, then escorted him to his cell with only a blanket to cover his naked body and that once in his cell, the blanket was removed and he remained naked for approximately thirty minutes. ECF No. 1-2 at 2; ECF No. 19 at 1. Plaintiff claims that as a result of these events, he now suffers from nervous breakdowns and emotional distress, and experiences paranoia every time he takes a shower. ECF No. 1 at 6. Plaintiff seeks redress in the form of monetary damages, among other things. *Id.*; *see* ECF No. 19.

The Magistrate Judge reviewed Plaintiff's original complaint pursuant to § 1915 and in a detailed order notified Plaintiff that sections of the pleading were subject to summary dismissal for failure to state a claim. ECF No. 12. The Magistrate Judge granted Plaintiff an opportunity to cure the deficiencies and Plaintiff filed a supplement to his complaint on January 10, 2022. ECF No. 19. The Magistrate Judge thereafter treated the original complaint and supplemental filing as one pleading. ECF No. 21 at 2 n.2.

On January 18, 2022, the Magistrate Judge issued a Report and Recommendation in which she construed the allegations as raising claims against Defendants Elliott and Beck for purported violations of Plaintiff's Fourth and Fourteenth Amendment rights.[1] ECF No. 21. The Magistrate Judge determined that Plaintiff's remaining claims against Defendants Falvo and Lowe are subject to summary dismissal with prejudice. With respect to Defendant Falvo, the Magistrate Judge explained that "unnecessary and unwelcomed sexual touching by a prison guard during the course of an isolated pat down search does not state a constitutional claim of cruel and unusual punishment," and found that "Plaintiff's limited allegations against Defendant Falvo are insufficient to state a plausible claim to relief under § 1983." *Id.* at 5-6 (citations

---

[1] The court adopts the Magistrate Judge's thorough summary of the applicable legal standards herein without recitation.

omitted). With respect to Defendant Lowe, the Magistrate Judge explained that § 1983 liability attaches only when an individual is personally involved in the alleged deprivation of the plaintiff's constitutional rights. *Id.* at 6. The Magistrate Judge found that Plaintiff fails to allege any actionable participation by Defendant Lowe and that "the only allegations even referencing Defendant Lowe are that she 'controls all body cams' at the J. Reuben Long Detention Center." *Id.* (quoting ECF No. 19 at 2). Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of his right to file an objection to the Report and Recommendation. ECF No. 21 at 8.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Following issuance of the Report and Recommendation, Plaintiff submitted a letter stating that he "completed my AO240 form," and "also completed the Amended Complaint," and stating his suspicion that someone at the facility where he is currently detained is tampering with his mail. ECF No. 25. To this letter Plaintiff attached a copy of an infraction report detailing Defendant Elliott's narrative of the events Plaintiff describes in his complaint. ECF No. 25-1. Plaintiff then filed a motion asking for damages in the form of $10,000 with respect to Defendant

Elliott and Defendant Beck. ECF No. 26. Plaintiff has not, however, filed an objection to the Report and Recommendation and the deadline for doing so has expired.[2]

The court has nonetheless thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation, though the court will dismiss the claims against Defendants Falvo and Lowe without prejudice. The Report and Recommendation, ECF No. 21, is incorporated herein by reference. Plaintiff's motion asking for damages in the form of $10,000 is denied as moot, as the operative pleading, ECF Nos. 1, 19, includes a request for monetary compensation as a form of relief. The claims against Defendants Falvo and Lowe are dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March 8, 2022
Charleston, South Carolina

---

[2] To the extent Plaintiff intended either of the above described filings to serve as an objection to the Magistrate Judge's findings, any such objection is general and conclusory in nature.